IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-326 (GMS) |
| | ) | |
| CANON U.S.A., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR JOINT MOTION FOR A STAY PENDING REEXAMINATION OF PLAINTIFF'S U.S. PATENT NO. 7,924,323

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2100
ncannella@fchs.com
msandonato@fchs.com

Edmund J. Haughey
James R. Carpenter
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004
Tel: (202) 530-1010
ehaughey@fchs.com
jcarpenter@fchs.com

*Counsel for Defendant Canon U.S.A., Inc.*

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Scott D. Stimpson
David C. Lee
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 643-7000
sstimpson@sillscummis.com
dlee@sillscummis.com
klieb@sillscummis.com

*Counsel for Defendant Casio America, Inc.*

ASHBY & GEDDES, P.A.
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Christopher C. Campbell
Robert D. Spendlove
Nelson Kuan
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Tel: (703) 456-8000
ccampbell@cooley.com
rspendlove@cooley.com
nkuan@cooley.com

*Counsel for Defendant Eye-Fi, Inc.*

GREENBERG TRAURIG, LLP
Gregory E.  Stuhlman (#4765)
Michael J. Maimone (#3592)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 661-7381
stuhlmang@gtlaw.com
maimonem@gtlaw.com

Scott J. Bornstein
Jim DeCarlo
Lawrence S. Rosenthal
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
bornsteins@gtlaw.com
decarloj@gtlaw.com
rosenthall@gtlaw.com

Kimberly A. Warshawsky
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8000
warshawskyk@gtlaw.com

*Counsel for Defendant FUJIFILM North
America Corporation*

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

George E. Badenoch
Richard M. Rosati
John R. Kenny
Thomas R. Makin
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200
gbadenoch@kenyon.com
rrosati@kenyon.com
jkenny@kenyon.com
tmakin@kenyon.com

*Counsel for Defendant Olympus Imaging
America, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Melissa L. Troutner (#4627)
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
mroutner@mnat.com

Josh A. Krevitt
Benjamin Hershkowitz
R. Scott Roe
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
sroe@gibsondunn.com

*Counsel for Defendants Pentax Ricoh Imaging
Americas Corporation and Ricoh Americas
Corp.*

CONNOLLY, BOVE, LODGE & HUTZ LLP
Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
fdigiovanni@clbh.com
cstover@clbh.com

Ryan K. Yagura
Brian M. Cook
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
ryagura@omm.com
bcook@omm.com

Kristopher M. Dawes
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Tel: (949) 823-6900
kdawes@omm.com

*Counsel for Defendant Samsung Electronics
America*

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com

Timothy J. Vezeau
Michael A. Dorfman
Breighanne A. Eggert
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5200
timothy.vezeau@kattenlaw.com
michael.dorfman@kattenlaw.com
breighanne.eggert@kattenlaw.com

*Counsel for Defendant SANYO North America
Corporation*

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
Wilmington, DE  19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5674
Tel: (571) 203-2700
lionel.lavenue@finnegan.com

Trenton J. Roche
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
trenton.roche@finnegan.com

*Counsel for Defendants Sony Corporation of
America and Sony Electronics Inc.*

January 30, 2012

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II.     SUMMARY OF ARGUMENT .......................................................................... 2

III.    STATEMENT OF FACTS ................................................................................. 4

IV.     ARGUMENT ..................................................................................................... 7

        A.      Legal Standard ..................................................................................... 7

        B.      All Three Factors Weigh in Favor of Staying This Case ....................... 9

                1.      A Stay Would Not Unduly Prejudice or Present a Clear
                        Tactical Disadvantage to Plaintiff ............................................... 9

                2.      A Stay Would Simplify the Issues in Question and Trial of
                        the Case ..................................................................................... 14

                3.      The Early Stage of This Case Strongly Favors a Stay ............... 15

V.      CONCLUSION ................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

<span style="font-variant: small-caps">Cases</span>

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  No. 05-590 (GMS), 2006 WL 2375035 (D. Del. Aug. 16, 2006)..............................7, 9, 14, 15

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  No. 06-514 (GMS), 2007 WL 2892707 (D. Del. Sept. 30, 2007) ..........................................15

*Alloc, Inc. v. Unilin Decor N.V.*,
  No. 03-253 (GMS), 2003 WL 21640372 (D. Del. July 11, 2003)..........................................16

*Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*,
  No. 08-c-1086, 2008 WL 2940807 (N.D. Ill. July 25, 2008) .................................................13

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
  129 F.3d 1247 (Fed. Cir. 1997)..............................................................................................14

*Cordance Corp. v. Amazon.com, Inc.*,
  730 F. Supp. 2d 333 (D. Del. 2010)........................................................................................11

*Cost Bros., Inc. v. Travelers Indem. Co.*,
  760 F.2d 58 (3d Cir. 1985).........................................................................................................7

*eBay Inc. v. MercExchange, LLC*,
  547 U.S. 388 (2006)..................................................................................................................11

*Echostar Techs. Corp. v. TiVo, Inc.*,
  No. 5:05 CV 81 DF, 2006 WL 2501494 (E.D. Tex. July 14, 2006).......................................13

*Emhart Indus. v. Sankyo Deiki Mfg.*,
  3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) ..........................................................................................7

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)....................................................................................7, 13, 15

*Gioello Enters. Ltd. v. Mattel, Inc.*,
  No. 99-375 (GMS), 2001 WL 125430 (D. Del. Jan. 29, 2001) ...................................12, 13, 14

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983)............................................................................................8, 15

*Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*,
  48 U.S.P.Q.2d 1058 (C.D. Cal. 1998)......................................................................................13

*In re Translogic Tech., Inc.*,
  504 F.3d 1249 (Fed. Cir. 2007)................................................................................................12

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
No. 00-1020 (GMS), 2003 WL 21105073 (D. Del. May 14, 2003) ...................................7, 10

*Research in Motion, Ltd. v. Visto Corp.*,
545 F. Supp. 2d 1011 (N.D. Cal. 2008) ...................................................................................9

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*,
No. 09-05659, 2011 WL 445509 (N.D. Cal. Feb. 3, 2011) ....................................................15

*Textron Innovations Inc. v. Toro Co.*,
No. 05-486 (GMS), 2007 U.S. Dist. LEXIS 100102 (D. Del. Apr. 25, 2007) .............8, 11, 12

*Wall Corp. v. BondDesk Group, L.L.C.*,
No. 07-844 (GMS), 2009 WL 528564 (D. Del. Feb. 24, 2009) ..............................................9

**STATUTES**

35 U.S.C. § 305 ..............................................................................................................................10

35 U.S.C. § 307 ..............................................................................................................................12

35 U.S.C. §§ 252 & 307(b) ............................................................................................................14

35 U.S.C. §§ 303 & 304 ..................................................................................................................7

**OTHER AUTHORITIES**

H.R. Rep. No. 1307, 96th Cong., 2d Sess. 4,
reprinted in 1980 U.S.C.C.A.N. 6460 ......................................................................................8

*Manual of Patent Examining Procedure* § 2261 (8th ed., rev. 8 July 2010) (Ex. D) ..................10

*Manual of Patent Examining Procedure* § 2286 (8th ed., rev. 8 July 2010) (Ex. D) ..................10

## I.        NATURE AND STAGE OF THE PROCEEDINGS

On April 12, 2011, Plaintiff Walker Digital, LLC ("Plaintiff") filed this lawsuit against Defendants Canon U.S.A., Inc., Casio America, Inc., Eastman Kodak Co., Eye-Fi, Inc., FUJIFILM U.S.A., Inc., Nikon Inc., Olympus Imaging America Inc., Pentax Ricoh Imaging Americas Corporation, Ricoh Americas Corp., Samsung Electronics America, SANYO North America Corporation, Sony Corporation of America, and Sony Electronics Inc.[1]  *See* D.I. 1.  In the lawsuit, Plaintiff accuses each Defendant of infringing U.S. Patent No. 7,924,323 ("the '323 patent").[2]

Defendants Canon U.S.A., Inc., Sony Corporation of America, and Sony Electronics Inc. have moved to dismiss Plaintiff's infringement allegations pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* D.I. 49 & 72.  These motions are fully briefed and awaiting a ruling by the Court.  The other Defendants have filed answers to Plaintiff's complaint, and some have filed counterclaims seeking a declaratory judgment of noninfringement and/or invalidity.  *See* D.I. 33, 37, 41, 44, 55, 57, 60, 63, 66, & 81.  Subsequent to filing its answer, Defendant Nikon Inc. was dismissed from the case.  *See* D.I. 98.  The Court has not yet noticed an initial scheduling conference; the parties have not yet held a Rule 26(f) conference; no initial disclosures have been exchanged; no discovery requests have been served; and no trial date has been set.

---

[1]    Olympus Imaging America Inc. and Pentax Ricoh Imaging Americas Corporation were substituted for original Defendants Olympus America Inc. and Pentax America, Inc., respectively, and original Defendant FUJIFILM U.S.A., Inc. was renamed FUJIFILM North America Corporation.

[2]    This suit is just one of 23 patent suits brought by Walker Digital on a variety of patents in the District of Delaware over a 16-day period in April 2011, naming hundreds of defendants. *See* "Walker Digital Files Lawsuits in Patent Dispute: More Than 100 Defendants Named in 15 Suits Filed After Company Efforts Fail to Obtain Commercial Licenses" (Ex. F); "Priceline Founder Goes on Patent Lawsuit Binge, Sues Apple, Google, More" (Ex. J); "Walker Digital Files 15 Patent Suits Against More Than 100 Companies" (Ex. K).

On January 27, 2012, Defendant Sony Electronics Inc. filed a request for *ex parte* reexamination of the '323 patent with the U.S. Patent and Trademark Office ("PTO"). A copy of the request is attached hereto as Exhibit A. By this motion, all Defendants remaining in this case except for Eastman Kodak Co. (which has filed for Chapter 11 bankruptcy and thus is subject to an automatic stay) jointly move for a stay of this litigation at least until the PTO decides whether to grant reexamination, and, in the likely event the PTO does grant reexamination, until the reexamination is completed.

## II.    SUMMARY OF ARGUMENT

The reexamination request sets forth a strong case that each and every claim of the '323 patent is unpatentable, and there is an overwhelming probability that the PTO will grant the request and initiate a reexamination. Indeed, the PTO grants approximately 92% of all *ex parte* requests for reexamination. *See* PTO *Ex Parte* Reexamination Filing Data (Sept. 30, 2011) (Ex. B). In view of the reexamination request, Defendants seek a stay of this litigation pending completion of the reexamination proceedings. Each of the three factors this Court considers strongly supports a stay.

First, Plaintiff will not be unduly prejudiced or unfairly disadvantaged by a stay. Any delay associated with a stay, in and of itself, does not constitute undue prejudice. Plaintiff does not make or sell any products associated with the subject matter of the patent-in-suit and, therefore, does not compete with any of the Defendants in the technology area of the patent-in-suit. Thus, any alleged harm that Plaintiff incurs during a stay would be fully compensable by money damages. By contrast, the harm to Defendants if this case moves forward in parallel with the reexamination would be great. At best, Defendants would be forced to litigate patent claims that are statistically three times more likely to be cancelled or amended than confirmed

patentable.[3]  At worst, Defendants could be adjudged to infringe patent claims that are later determined during reexamination to be invalid.  Accordingly, staying this case would be more economical and efficient for the Court and the parties than litigating one set of patent claims now and, in the highly likely event that the claims are invalidated or altered, having to effectively start over.

Second, staying the case pending reexamination would likely simplify the issues for trial. The need for litigation would be avoided altogether if all of the asserted claims of the '323 patent are cancelled, as Defendants believe will be the case.  Moreover, the process of amending claims, *i.e.*, adding new limitations to avoid prior art, necessarily means that the claims become narrower in scope.  Thus, adding limitations can further simplify issues for trial, as such limitations could obviate Plaintiff's infringement allegations or result in accused products (and possibly Defendants) being dropped from the case before trial.  If nothing else, the reexamination will give the Court the benefit of the PTO's expert analysis and Plaintiff's responsive comments, both of which will further develop the intrinsic record and aid with claim construction.

Third, this motion comes when this case has not substantively progressed beyond the pleadings stage.  An initial scheduling conference has not yet been noticed, discovery has not yet commenced, and no trial date has been set.

In the interest of judicial economy and to avoid the unnecessary expenditure of time and resources by the Court and the parties, this case—which has not substantively progressed beyond the pleadings stage—should be stayed pending the outcome of the PTO's reexamination of the '323 patent.

---

[3]   The chances that all of the claims of the '323 patent will survive reexamination without amendment or cancellation are small.  In 76% of *ex parte* reexaminations initiated by third parties and conducted by the PTO, the claims are narrowed or cancelled.  *See* PTO *Ex Parte* Reexamination Filing Data (Sept. 30, 2011) (Ex. B).

### III.    STATEMENT OF FACTS

Although Plaintiff filed this case in April of 2011, this case remains in its infancy.  The initial scheduling conference has not yet occurred, no scheduling order has been set forth, discovery has not commenced, and no trial date has been set.  Consequently, none of the parties had invested significant resources in connection with discovery or any other aspect of the case.

All of the claims and counterclaims in this lawsuit concern the '323 patent, titled "Method and Apparatus for Automatically Capturing and Managing Images."  The '323 patent is based upon a provisional patent application that was filed on December 24, 2003, and issued to Plaintiff on the same day that Plaintiff filed this lawsuit (April 12, 2011).  The '323 patent is not due to expire until 2027.

The '323 patent describes a camera that purportedly performs a variety of functions, including automatically managing stored images (*e.g.*, automatically-captured images) and automatically managing memory associated with the device to free up memory of the camera for capturing images.  *See* '323 patent at 2:6-12 (Ex. A at PAT-A).  To free up memory space, the '323 patent suggests that the imaging device (*e.g.*, camera 210, as shown in Fig. 2 below) may transmit one or more images to a second device (*e.g.*, storage device 240) through a wireless communication connection (*e.g.*, a cellular telephone with wireless modem capabilities or a Bluetooth communication link).  *See id.* at 8:35-42, 57:49-62, & Fig. 2.



## FIG. 2

According to the '323 patent, once the images have been transferred to the second electronic device, memory space may be reclaimed by deleting the images stored in the memory. *See id.* at 8:42-46 & 57:45-48.

A number of conditions may be defined to enable "a camera [to] determine whether to transmit one or more images to a second electronic device." *See id.* at 58:1-2. These conditions purportedly include: whether the camera is running low on memory; an amount of free memory on the second electronic device; an amount of bandwidth available for transmitting images; and user preferences. *See id.* at 58:3-14.

The '323 patent appears to suggest that methods for automatic transmission of images from a camera to a second device in response to conditions being met were new or innovative when the '323 patent was filed. In allowing the claims, the PTO examiner noted that "the prior art does not teach *prior to photographing*, receiving two indications from the user which include (i) an indication of conditions which if satisfied will cause transmission of an acquired image from a secondary non-volatile memory of a camera and (ii) an indication of a second device to transmit upon the conditions being satisfied." 11/719,108 Pros. Hist., Jan. 5, 2011 Notice of Allowability at 2 (Ex. A at PAT-B) (emphasis in original).

The purported invention of the '323 patent, however, was already well-known and disclosed in numerous prior art documents. Two such prior art documents are U.S. Patent Application Publication No. 2002/0051074 to Kawaoka et al. ("*Kawaoka*") (Ex. A at PA-1) and U.S. Patent No. 7,062,230 to Ishiguro et al. ("*Ishiguro*") (Ex. A at PA-6), which are the two primary references upon which the January 27, 2012 request for *ex parte* reexamination is based. The reexamination request describes in detail how each of *Kawaoka* and *Ishiguro* anticipates most of the claims of the '323 patent and renders the remaining claims obvious.

*Kawaoka* discloses a digital camera with an "automatic image transmission function" for transmitting photo images via a cellular phone to another storage device selected by the user, such as a personal computer or server. *See Kawaoka* at Abstract & ¶¶ [0061]-[0062] (Ex. A at PA-1). *Kawaoka*'s digital camera includes a transmission control unit that allows transmission when a predetermined "transmission allowance condition" is satisfied. *Id.* at ¶ [0094]. The predetermined condition may, for example, require an indication that "photographing has been completed" or that "a predetermined period of time has passed after photography is finished." *Id.* at ¶¶ [0020] & [0095]-[0096]. Because these "conditions" are obtained prior to photographing, the camera's transmission process may be "automatically undertaken when a user finishes photographing." *Id.* at ¶ [0095].

*Ishiguro* similarly discloses a camera with an automatic image transmission function whereby images "are automatically transmitted to a specified transmission destination via a communication apparatus." *See Ishiguro* at Abstract & 4:1-5 (Ex. A at PA-6). The camera includes a user-selectable "direct transmission mode" in which "depressing the shutter … initiates an image capture operation … and, at the same time, the automatic connection of the

composite device [connects] to a public network in such a manner as to transmit a pickup image to a remote server." *Id.* at 5:35-42.

Both *Kawaoka* and *Ishiguro* thus teach the '323 patent's fundamental claimed features of "receiving" from a user "(i) an indication of one or more conditions which, if satisfied, cause a transmission of an acquired image" and "(ii) an indication of a second device to which the acquired image is to be transmitted upon the one or more conditions being satisfied," and further that an image is acquired "after receiving the one or more indications."

By statute, the PTO must decide by no later than April 27, 2012 whether the reexamination request raises a substantial new question of patentability; if so, the PTO will order reexamination. 35 U.S.C. §§ 303 & 304. As noted above, statistically the PTO grants *ex parte* reexamination requests more than 90% of the time. *See* PTO *Ex Parte* Reexamination Filing Data (Sept. 30, 2011) (Ex. B).

## IV.   ARGUMENT

### A.   Legal Standard

The decision to stay a case pending reexamination is firmly within the discretion of the trial court. *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590 (GMS), 2006 WL 2375035, at *5 (D. Del. Aug. 16, 2006) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58 (3d Cir. 1985)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citation omitted). Indeed, "in passing the legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion." *Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020 (GMS), 2003 WL 21105073, at *1 (D. Del. May 14, 2003) (quoting *Emhart Indus. v. Sankyo Deiki Mfg.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill.

1987)); *see also* H.R. Rep. No. 1307, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463 (noting that one of Congress' primary purposes for creating the reexamination procedure was to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation"). Accordingly, the Federal Circuit has held that "[w]hen a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay *must* be accepted if the purpose of the reexamination statute is to be preserved." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (emphasis added).

This Court has noted numerous advantages of granting stays pending reexamination, including that "(1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if the patent(s) are declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court." *Textron Innovations Inc. v. Toro Co.*, No. 05-486 (GMS), 2007 U.S. Dist. LEXIS 100102, at *2-3 (D. Del. Apr. 25, 2007).

In determining whether a stay pending reexamination is appropriate, this Court employs a three-factor analysis: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."

*Abbott*, 2006 WL 2375035, at *5.  As discussed below, all three of these factors favor a stay of proceedings in this case.

**B.      All Three Factors Weigh in Favor of Staying This Case**

**1.      A Stay Would Not Unduly Prejudice or Present
a Clear Tactical Disadvantage to Plaintiff**

A stay of this action pending reexamination of the '323 patent would not unduly prejudice or unfairly disadvantage Plaintiff.

Mere delay in litigation resulting from a stay pending reexamination "does not, by itself, amount to undue prejudice." *Wall Corp. v. BondDesk Group, L.L.C.*, No. 07-844 (GMS), 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (citing *Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008)).  This is particularly so here, given that Plaintiff showed no sense of urgency in obtaining the '323 patent.  Although the '323 patent just recently issued on April 12, 2011, the patent purports to claim priority all the way back to a provisional application filed on December 24, 2003.  After filing the provisional application, Plaintiff utilized the international patent application process to delay entering its application into the queue for PTO examination by some three and a half years.  This included a delay of almost a year during which Plaintiff allowed the application to sit abandoned after neglecting to comply with PTO national stage entry requirements.  *See* 11/719,108 Pros. Hist., May 16, 2007 Decision (Ex. A at PAT-B).  Having already neglected to timely resolve its failures to comply with prescribed filing requirements (causing a delay of more than seven years before obtaining the '323 patent), Plaintiff would not be unduly prejudiced by a stay of this litigation for what in all likelihood will be less than two years.[4]

---

[4]   For the most recent quarter ending September 30, 2011, the average pendency of *ex parte* reexaminations from filing of the request to issuance of a reexamination certificate was 21.1 months and trending downward.  *See* PTO Reexaminations – FY 2011 (Sept. 30, 2011) (Ex.

The PTO is required by statute to conduct reexaminations "with special dispatch." 35 U.S.C. § 305. In addition, because the '323 patent is involved in litigation, the reexamination "will have priority over all other cases." *Manual of Patent Examining Procedure* § 2261 (8th ed., rev. 8 July 2010) (Ex. D). If the litigation case is stayed pending the reexamination, then "all aspects of the [reexamination] proceeding will be expedited to the extent possible." *Id.* at § 2286 (Ex. E). Because the requested reexamination is *ex parte*, Plaintiff alone will control the timing of all responses to PTO communications, whether claims are added or amended, and whether an appeal is pursued.

Any delay in resolving the litigation must also be balanced against the fact that Plaintiff is the one that affirmatively invoked the rights of the patent statute. Indeed, Plaintiff admittedly has built its business model around the patent system. *See* "Walker Digital Files Lawsuits in Patent Dispute: More Than 100 Defendants Named in 15 Suits Filed After Company Efforts Fail to Obtain Commercial Licenses" (Ex. F) ("Patent protection is a key part of [Walker Digital's] business model."). "[Plaintiff] can hardly be heard now to complain of the rights afforded others by that same statutory framework." *Pegasus*, 2003 WL 21105073, at *2.

Regardless of how long the stay pending reexamination may last, Plaintiff cannot show any harm that could not be compensated by money damages after the stay should Plaintiff prevail at trial. Plaintiff is a non-practicing entity whose business model is enforcing patents, and Plaintiff does not manufacture or sell any products that compete in the marketplace with Defendants' accused products. Because Plaintiff is not a direct competitor of any of the

---

C). While this is the average time for overall reexamination pendency, the time could be significantly longer if Plaintiff chooses to appeal an adverse decision during reexamination. In that case, however, the PTO already would have determined that the claims are invalid and any delay resulting from a prolonged appeal would be caused by Plaintiff's attempts to reverse that determination. Plaintiff could not credibly claim to be prejudiced by a delay resulting from its own action that prevents it from asserting claims that the PTO determined to be invalid.

Defendants, there is no risk that Plaintiff could suffer irreparable competitive injury, such as harm to its reputation in the industry, loss of goodwill, or loss of product sales, while this case is stayed.  Plaintiff's real interest in this case is money damages, which would be entirely compensable after a stay.[5]  In early 2011, Plaintiff retained a self-described "patent monetization" firm which evidently has encouraged Plaintiff to file at least 30 lawsuits in this judicial district against hundreds of defendants.  *See* "Founder of Priceline Spoiling for a Fight Over Tech Patents" (Ex. G).  Meanwhile, Plaintiff has been attempting to auction-off "Freedom to Operate Agreements" and "Covenants Not to Sue" (*i.e.*, non-exclusive licenses) to the highest bidders—even anonymous ones.  *See* "ICAP Patent Brokerage is Offering New Freedom to Operate Agreements to Companies Currently in Litigation with Walker Digital" (Ex. H) and "Walker Digital, LLC Offers Covenant Not to Sue Through ICAP Patent Brokerage" (Ex. I). Plaintiff clearly has no interest in enjoying the market exclusivity that a patent confers upon its owner, but instead wants to license the '323 patent to any and all comers for as much money as possible.  If this action is stayed and the PTO confirms the patentability of the '323 patent and Plaintiff prevails at trial, then money damages will be fully adequate to compensate Plaintiff for any alleged harm incurred during the stay.  *See Textron*, 2007 U.S. Dist. LEXIS 100102, at *9

---

[5]    Although Plaintiff's complaint contains a boilerplate prayer for injunctive relief, the likelihood that Plaintiff will be able to satisfy the four-factor *eBay* test for injunctive relief is exceedingly low.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Cordance Corp. v. Amazon.com, Inc.*, 730 F. Supp. 2d 333, 337-342, 344 (D. Del. 2010) (denying a motion for a permanent injunction under *eBay* on the basis that the patent holder would not suffer irreparable harm because the parties were not direct competitors and the alleged past infringement could be adequately compensated with a money award).  Thus, Plaintiff's prayer for injunctive relief appears to be nothing more than an attempt to gain leverage over Defendants for possible settlement negotiations.  *See eBay*, 547 U.S. at 396-97 ("An industry has developed in which firms use patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees. … For these firms, an injunction, and the potentially serious sanctions arising from its violation, can be employed as a bargaining tool to charge exorbitant fees to companies that seek to buy licenses to practice the patent.") (Kennedy, J., concurring).

("As Toro points out, because this is a suit for money damages, a stay does not *unduly* prejudice Textron in that it does not compete with Toro for sales."); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. 99-375 (GMS), 2001 WL 125430, at *2 (D. Del. Jan. 29, 2001) (rejecting the plaintiff's claim of undue prejudice and holding that "money damages is an adequate remedy for any delay in redress"). Thus, a stay would not deprive Plaintiff of any remedy that it could obtain at trial.

While granting a stay would not unduly prejudice Plaintiff, denying a stay would create a risk that Plaintiff might obtain a judgment against Defendants on claims determined to be invalid in the reexamination. While it would not take very long for a PTO examiner to make an initial determination that the claims of the '323 patent are unpatentable, that determination would not result in final cancellation of the claims until Plaintiff exhausts all of its appeals and the PTO issues a certificate canceling the claims. *See* 35 U.S.C. § 307. Consequently, through the lengthy appeal process, Plaintiff could unilaterally delay a "final" decision for years on claims already determined to be invalid by the PTO in reexamination, while litigating those same claims in this Court under the statutory presumption of validity. But, as noted above, the odds are great that the existing claims will be invalidated or amended in the reexamination, and those odds are particularly high here, as the reexamination request presents a clear picture of invalidation of the claims of the '323 patent based on facts found in newly-found prior art references that directly correlate to features that the PTO examiner found missing upon allowing the claims of the '323 patent. Accordingly, if the Court were to deny a stay, the concurrent proceedings in this Court and in the PTO could result in inconsistent rulings regarding the validity of the '323 patent claims and subject Defendants to unwarranted damages. *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1251 (Fed. Cir. 2007) (affirming the PTO's rejection of claims previously held not invalid in a final district court judgment); *Textron*, 2007 U.S. Dist. LEXIS 100102, at *8 ("[N]ot

staying the proceedings runs the risk of inconsistent adjudications or the issuance of advisory opinions.").  Since the PTO will be unable to stay the reexamination, *see Ethicon*, 849 F.2d at 1426, this Court's "issuance of a stay is the only way to avoid the potential for conflict." *Gioello*, 2001 WL 125430, at *2.

Even if the litigation did not proceed to judgment before the reexamination ends, if a stay is denied, Defendants still would be burdened with litigating claims that more likely than not are invalid in their current form.  *See Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08-c-1086, 2008 WL 2940807, at *3 (N.D. Ill. July 25, 2008) (noting that PTO statistics "suggest a very real possibility that, if this litigation proceeds in tandem with the PTO reexamination proceedings, the parties will have wasted their resources litigating issues that ultimately may be mooted by the PTO's findings"); *Echostar Techs. Corp. v. TiVo, Inc*., No. 5:05 CV 81 DF, 2006 WL 2501494, at *4 (E.D. Tex. July 14, 2006) ("It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceedings."); *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998) ("The claims of the patent will likely be amended or narrowed during reexamination.  Therefore, the final form of the claims will remain uncertain until the conclusion of the reexamination procedure.  It makes sense to ascertain the ultimate scope of the claims before trying to figure out whether [the accused] products infringe the [asserted] patent.  Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination.") (internal citation omitted).

13

Further, if Plaintiff makes any substantive changes to the claims during reexamination, Plaintiff will be precluded from recovering damages for alleged infringement of the amended claims prior to the issuance of the reexamination certificate. *See* 35 U.S.C. §§ 252 & 307(b); *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate."). This would make any and all discovery concerning products sold prior to issuance of the reexamination certificate a wasted effort.

Accordingly, the potential burden imposed on Defendants by denying a stay easily overshadows any nominal prejudice to Plaintiff that may result from a stay.

### 2.     A Stay Would Simplify the Issues in Question and Trial of the Case

In view of the PTO's statistics cited above and the particular merits of the reexamination request in this case, there is a very high probability that reexamination will simplify the issues in question by either resulting in an alteration of the claims, or invalidation of the claims altogether, thereby terminating the case. The reexamination will have the maximum likelihood of simplifying the issues for trial in this action because all of the claims of the '323 patent will be before the PTO during the reexamination, and the only claims and counterclaims in this action relate to the '323 patent. If the claims are cancelled or found invalid, "the suit will likely be dismissed." *Gioello*, 2001 WL 125340, at *1; *see also Abbott*, 2006 WL 2375035, at *6 ("[I]f the PTO determines that some or all of the claims … undergoing reexamination are invalid, then many of the issues in the litigation will become moot."). Even amendments to the claims could narrow the accused products in the case and potentially reduce the number of Defendants.

In the unlikely event that the reexamination does not result in the modification or cancellation of any claims, the reexamination "could still provide valuable analysis to the district

court, which it could consider in reaching its determination." *Ethicon*, 849 F.2d at 1428 (internal citation omitted); *see also Gould*, 705 F.2d at 1342 (noting that one of the purposes of the reexamination procedure is "to facilitate trial of [the validity] issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)").  The reexamination also will be part of the intrinsic record used in construing the claims of the '323 patent and it is likely that Plaintiff will make statements during the reexamination that clarify or limit the scope of claim terms.  *See Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. 09-05659, 2011 WL 445509, at * 3 (N.D. Cal. Feb. 3, 2011) ("Even if none of the asserted claims are cancelled or amended, this action will be shaped by the richer prosecution history available to inform the claim construction process.") (citing *Gould*, 705 F.2d at 1342).

Accordingly, the simplification of issues and judicial economy weigh in favor of a stay.

### 3.    The Early Stage of This Case Strongly Favors a Stay

The third factor to consider in granting a stay is "whether discovery is complete and whether a trial date has been set."  *Abbott*, 2006 WL 2375035, at *5.  In this case, discovery has not even begun, much less been completed, and no trial date has been set.[6]  For that matter, the Court has not yet noticed an initial scheduling conference; the parties have not yet held a Rule 26(f) conference; and no initial disclosures have been exchanged.  Because no one has had to invest substantial time or resources in this litigation, a stay would save the Court and the parties unnecessary effort and costs.  All of these circumstances favor a stay of the case. *See Abbott Diabetes Care, Inc. v. DexCom, Inc*., No. 06-514 (GMS), 2007 WL 2892707, at *5 (D. Del. Sept.

---

[6]    While no trial is scheduled in this case and none is likely to occur before 2013, at the earliest, a decision on whether to grant the reexamination will be made in less than three months, and a first office action on the merits is likely to issue within six months.  *See* PTO Reexaminations – FY 2011 (Sept. 30, 2011) (Ex. C).  Thus, even though both the reexamination and the litigation are in their early stages, the reexamination is likely to result in a finding on the validity of the '323 patent claims sooner than the litigation.

30, 2007) ("[W]here the court has not yet conducted a Rule 16(2)(b) scheduling conference, no scheduling Order is in place, no discovery has taken place, and little time has yet to be invested in the litigation … staying these proceedings will save time and judicial resources."); *Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253 (GMS), 2003 WL 21640372, at *3 (D. Del. July 11, 2003) ("Finally, the court notes that discovery in this case has not yet begun, nor has a discovery schedule been entered at this time.  Likewise the court has not yet set a trial date.  Therefore, the stay will be entered before any party incurs substantial litigation-related expenses.").

## V.    CONCLUSION

For the foregoing reasons, Defendants request that the Court stay this litigation pending the outcome of the request for reexamination of the '323 patent and, if reexamination is granted, continue the stay through completion of the reexamination.

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

/s/ Julia Heaney

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2100
ncannella@fchs.com
msandonato@fchs.com

Edmund J. Haughey
James R. Carpenter
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004
Tel: (202) 530-1010
ehaughey@fchs.com
jcarpenter@fchs.com

*Counsel for Defendant Canon U.S.A., Inc.*

POTTER ANDERSON & CORROON LLP

/s/ David E. Moore

_____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Scott D. Stimpson
David C. Lee
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 643-7000
sstimpson@sillscummis.com
dlee@sillscummis.com
klieb@sillscummis.com

*Counsel for Defendant Casio America, Inc.*

17

ASHBY & GEDDES, P.A.

*/s/ Andrew C. Mayo*

_____

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Christopher C. Campbell
Robert D. Spendlove
Nelson Kuan
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Tel: (703) 456-8000
ccampbell@cooley.com
rspendlove@cooley.com
nkuan@cooley.com

*Counsel for Defendant Eye-Fi, Inc.*

GREENBERG TRAURIG, LLP

*/s/ Gregory E. Stuhlman*

_____

Gregory E. Stuhlman (#4765)
Michael J. Maimone (#3592)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 661-7381
stuhlmang@gtlaw.com
maimonem@gtlaw.com

Scott J. Bornstein
Jim DeCarlo
Lawrence S. Rosenthal
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
bornsteins@gtlaw.com
decarloj@gtlaw.com
rosenthall@gtlaw.com

Kimberly A. Warshawsky
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8000
warshawskyk@gtlaw.com

*Counsel for Defendant FUJIFILM North America Corporation*

18

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

George E. Badenoch
Richard M. Rosati
John R. Kenny
Thomas R. Makin
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200
gbadenoch@kenyon.com
rrosati@kenyon.com
jkenny@kenyon.com
tmakin@kenyon.com

*Counsel for Defendant Olympus Imaging
America, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Melissa L. Troutner (#4627)
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
mroutner@mnat.com

Josh A. Krevitt
Benjamin Hershkowitz
R. Scott Roe
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
sroe@gibsondunn.com

*Counsel for Defendants Pentax Ricoh Imaging
Americas Corporation and Ricoh Americas
Corp.*

19

CONNOLLY, BOVE, LODGE & HUTZ LLP

*/s/ Francis DiGiovanni*

Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
fdigiovanni@clbh.com
cstover@clbh.com

Ryan K. Yagura
Brian M. Cook
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
ryagura@omm.com
bcook@omm.com

Kristopher M. Dawes
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Tel: (949) 823-6900
kdawes@omm.com

*Counsel for Defendant Samsung Electronics America*

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Timothy J. Vezeau
Michael A. Dorfman
Breighanne A. Eggert
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5200
timothy.vezeau@kattenlaw.com
michael.dorfman@kattenlaw.com
breighanne.eggert@kattenlaw.com

*Counsel for Defendant SANYO North America Corporation*

20

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
Wilmington, DE  19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5674
Tel: (571) 203-2700
lionel.lavenue@finnegan.com

Trenton J. Roche
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
trenton.roche@finnegan.com

*Counsel for Defendants Sony Corporation of
America and Sony Electronics Inc.*

January 30, 2012
4987978

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I also certify that copies were caused to be served on January 30, 2012 upon the following in the manner indicated:

### <u>BY E-MAIL</u>

*Attorneys for Plaintiff Walker Digital, LLC*

Richard D. Kirk
Stephen B. Brauerman
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

James C. Otteson
Theresa E. Norton
David A. Caine
Xiang Long
Thomas T. Carmack
Philip W. Marsh
Jed Phillips
AGILITY IP LAW, LLC
149 Commonwealth Drive
Menlo Park, CA  94025
(650) 227-4800

*Attorneys for Defendant Canon U.S.A., Inc.*

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

| | |
|---|---|
| *Attorneys for Defendant Canon U.S.A., Inc.* | Nicholas M. Cannella<br>Michael P. Sandonato<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, New York 10104-3800<br>(212) 218-2100 |
| | Edmund J. Haughey<br>James R. Carpenter<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>975 F Street, NW<br>Washington, DC 20004<br>(202) 530-1010 |
| *Attorneys for Sony Corporation of America and Sony Electronics Inc., Ricoh Americas Corp. and Pentax Ricoh Imaging Americas Corporation* | Jack B. Blumenfeld<br>Rodger D. Smith II<br>MORRIS, NICHOLS, ARSHT & TUNNELL, LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 |
| *Attorneys for Sony Corporation of America and Sony Electronics Inc.* | Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARBOW, GARRETT & DUNNER LLP<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA  20190-5674 |
| | Trenton J. Roche<br>FINNEGAN, HENDERSON, FARBOW, GARRETT & DUNNER LLP<br>901 New York Avenue, NW<br>Washington, DC  20001-4413 |
| *Attorneys for Ricoh Americas Corp. and Pentax Ricoh Imaging Americas Corporation* | Benjamin Hershkowitz<br>Josh Krevitt<br>Etai Lahav<br>R. Scott Roe<br>GIBSON DUNN & CRUTCHER<br>200 Park Avenue<br>New York, NY  10166-0193 |

| | |
|---|---|
| *Attorneys for Eye-Fi, Inc.* | Steven J. Balick<br>Tiffany Geyer Lydon<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899 |
| *Attorneys for Eye-Fi, Inc.* | Christopher C. Campbell<br>Robert D. Spendlove<br>Nelson Kuan<br>COOLEY LLP<br>One Freedom Square<br>Reston Town Center<br>11951 Freedom Drive<br>Reston, VA  20190-5656<br><br>Thomas J. Friel<br>COOLEY LLP<br>101 California Street<br>San Francisco, CA  94111-5800 |
| *Attorneys for SANYO North America<br>Corporation, Casio America, Inc. and<br>Olympus Imaging America (a/k/a<br>Olympus America, Inc.* | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801 |
| *Attorneys for SANYO North America<br>Corporation* | Timothy J. Vezeau<br>Michael A. Dorfman<br>Breighanne A. Eggert<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street, Suite 1900<br>Chicago, IL 60661-3696 |
| *Attorneys for Casio America, Inc.* | Scott D. Stimpson<br>David C. Lee<br>Katherine M. Lieb<br>SILLS CUMMIS & GROSS P.C.<br>One Rockefeller Plaza<br>New York, NY  10020 |

| | |
|---|---|
| *Attorneys for Samsung Electronics America.* | Francis DiGiovanni<br>Chad S.C. Stover<br>CONNOLLY, BOVE, LODGE & HUTZ<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19899 |
| | Ryan K. Yagura<br>Nicholas J. Whilt<br>Brian Cook<br>Neil Young<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA  90071-2899 |
| | Kristopher Dawes<br>O'MELVENY & MYERS LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA  92660 |
| *Attorneys for Olympus Imaging America Inc. (a/k/a Olympus America Inc.)* | George E. Badenoch<br>Richard M. Rosati<br>John R. Kenny<br>Thomas R. Makin<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY  10004-1007 |
| *Attorneys for Eastman Kodak Co.* | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 |
| | James L. Wamsley, III<br>Tracy A. Stitt<br>John C. Evans<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190 |

| | |
|---|---|
| *Attorneys for FujiFilm U.S.A., Inc.*<br>*(n/k/a FUJIFILM North America*<br>*Corporation)* | Michael J. Maimone<br>Gregory E. Stuhlman<br>GREENBERG TRAURIG, LLP<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br><br>Scott J. Bornstein<br>James J. DeCarlo<br>Lawrence S. Rosenthal<br>Kimberly A. Warshawsky<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue<br>NewYork,NY 10166<br><br>Kimberly A. Warshawsky<br>GREENBERG TRAURIG, LLP<br>2375 East Camelback Road<br>Suite 700<br>Phoenix, AZ  85016 |

*/s/ Julia Heaney*

_____

Julia Heaney (#3052)