**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 11-326 (GMS) |
| CANON U.S.A., INC., *et. al*, | |
| Defendants. | |

**PLAINTIFF WALKER DIGITAL, LLC'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO LIFT STAY**

.

October 29, 2012

OF COUNSEL:

Marc Fenster
Benjamin T. Wang
Daniel Hipskind
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
 (310) 826-7474
mfenster@raklaw.com
bwang@raklaw.com
dhipskind@raklaw.com

BAYARD, P.A.

Richard D. Kirk (rk922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff Walker Digital, LLC

## TABLE OF CONTENTS

**Page(s)**

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ............................................. 3

III.  ARGUMENT ...................................................................................................... 4

      A.    The stay should be lifted because the basis for the stay no longer exists: the reexamination has completed. ........................................................... 4

      B.    Walker Digital would be prejudiced by a continued stay. ...................................... 6

      C.    A prolonged stay affords defendants an unfair tactical advantage. ....................... 8

      D.    Continuing the stay may stale the evidence ........................................................... 9

      E.    Defendants' second reexamination lacks merit ...................................................... 10

      F.    Statistics regarding cancellation demonstrate a low likelihood that all asserted claims will be cancelled or substantively amended. ............................... 10

      G.    The second reexamination will not resolve all issues ............................................ 11

IV.   CONCLUSION ..................................................................................................... 12

## <u>Table of Authorities</u>

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Dice Electronics, LLC*
  9-08-cv-00164, 2009 U.S. Dist. LEXIS 13192115 (E.D. Tex. Feb. 20, 2009) .............. 9, 11, 13

*Bartex Research, LLC v. FedEx Corp.*
  611 F. Supp.2d 647 (E.D. Tex. Apr. 20, 2009)....................................................... 11

*Belden Techs, Inc. v. Superior Essex Commc'ns LP*
  2010 U.S. Dist. LEXIS 90960 (D. Del. Aug. 24, 2010) ........................................... 13

*Canady v. Erbe Elektromedizin GmbH*
  271 F. Supp. 2d 64 (D.D.C. 2002) ...................................................................... 4

*Commonwealth Scientific and Indus. Research Organisation v. Buffalo Tech. Inc.*
  492 F.Supp.2d 600 (E.D. Tex. 2007)................................................................... 8

*Cooper Notification, Inc. v. Twitter, Inc.*
  2010 WL 5149351 (D. Del. Dec. 13, 2010)....................................................... 9, 10

*Data Treasury Corp. v. Wells Fargo & Company*
  2008 U.S. Dist. LEXIS 123565 (E.D. Tex. Mar. 11, 2008),..................................... 5, 6

*Dawson Chem Co. v. Rohm & Haas Co.*
  448 U.S. 176 (1980)........................................................................................ 7

*Eon Corp. IP Holdings, LLC v. Skytel Corporation*
  2009 US. Dist. LEXIS 131909 (E.D. Tex. Apr. 29, 2009) ...................................... 12

*Ever Win Int'l Corp. v. Radioshack Corp.*
  (D.Del. Oct. 9, 2012). ..................................................................................... 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*
  582 F.3d 1288, 1305 (Fed. Cir. 2009)................................................................. 10

*Gladish v. Tyco Toys, Inc.*
  CIV. No. S–92–1666WBS/JFM, 1993 WL 625509 (E.D. Cal. Sept. 15, 1993)...................... 11

*Life Techs. Corp. v. Illumina, Inc.*
  No. 09-706-RK, 2010 WL 2348737 (D. Del. June 7, 2010)...................................... 8

*Mondis Tech., Ltd. v. LG Electronics, Inc.*
  Nos. 2:07–CV–565–TJW–CE, 2:08–CV–478–TJW, 2011 WL 2417367 (E.D. Tex. June 14, 2011) ...................................................................................................... 7

*Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*
  C.A. No. 08-309-JJF-LPS, 2008 WL 5335400 (D. Del. Dec. 19, 2008)................... 8

*Rohm and Haas Co. v. Brotech Corp.*
  No. 90-109, 1992 U.S. Dist. LEXIS 21721 (D. Del. Jul.16, 1992) ................... 4, 5, 6

*Softview LLC v. Apple Inc*.
  2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) ..................................................... 10, 12

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp*.
  C.A. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009)........................................... 13

*Telcordia Technologies, Inc. v. Cisco Systems, Inc*.
  592 F. Supp. 2d 727 (D. Del. Jan. 6, 2009) ............................................................................... 7

*Voda v. Medtronic Inc*.
  2011 U.S. Dist. LEXIS 104959 (W.D. Okla. Jan. 31, 2011)...................................................... 6

**Statutes**

35 U.S.C. § 112............................................................................................................................... 13

**Other Authorities**

2012 Patent Litigation Study by PricewaterhouseCoopers LLP .................................................... 8

I.      **PRELIMINARY STATEMENT**

On January 27, 2012, almost a year after this case was filed, defendant Sony Electronics Inc. filed a request for reexamination of the patent-in-suit.  Based on that reexamination request, defendants, on January 30, 2012, "jointly move[d] for a stay of this litigation … until the reexamination is completed."  (D.I. 100 at 2 (emphasis added).)  On September 19, 2012, this Court by oral order granted the motion to stay.  The very next day, however, the U.S. Patent and Trademark Office ("PTO") confirmed claims 11 and 27 of the patent-in-suit.  (Declaration of Benjamin T. Wang ("Wang Decl."), Ex. A.)  And on October 10, 2012, the PTO issued a reexamination certificate for the patent-in-suit, thereby completing the reexamination.  (*Id.*, Ex. B.)  Because the reexamination upon which defendants predicated their motion to stay is now complete, Walker Digital, LLC respectfully requests that the Court lift the stay.

Pursuant to Delaware Local Rule 7.1.1, Walker Digital met and conferred with defendants prior to bringing the instant motion to lift stay.  Walker Digital explained that the basis for defendants' motion to stay was no longer valid because the reexamination was complete.  Defendants disagreed because they have now filed a second request for reexamination with the PTO.  In other words, having failed to convince the PTO that all of the asserted claims of the patent-in-suit should be cancelled, as defendants argued in their motion to stay "[would] be the case" (D.I. 100 at 3), they are now trying again.  As defendants' would have it, the Court's stay order applies for as long as defendants choose, and not only until the original reexamination completed, as defendants previously represented to the Court.

1

But even if defendants are allowed to ignore the fact that the original basis for the stay no longer exists, the Court should still lift the stay. The PTO has repeatedly confirmed the validity of claims 11 and 27 of the patent-in-suit – once when the patent originally issued, and second, when the PTO again confirmed the claims during the original reexamination. Having allowed the claims on two separate occasions, after review by different patent examiners, common sense dictates that the likelihood of defendants succeeding, essentially on a third attempt, is slim. Nor should serial reexaminations by defendants be encouraged. Serial reexaminations burden the PTO, delay resolution of the merits of infringement, allow defendants to continue their infringement and derive the benefit of a compulsory license, and deprive Walker Digital (the property owner) of the right to choose when and how to enforce its rights. Defendants should not be allowed to forestall Walker Digital's enforcement rights for as long as they are willing to fund reexamination proceedings.

Moreover, allowing defendants to stay this case based on the second reexamination is especially prejudicial to Walker Digital because defendants could have made their "new" arguments originally, but did not, which is either gamesmanship or negligence, neither of which the Court should reward. The second reexamination argues that the patent-in-suit is invalid in light of two prior art references. (Wang Decl., Ex. C.) But one of those references (the Ishiguro patent) has already been considered by the PTO and rejected. And the second prior art reference (the Edwards application) was published in 2002 and, thus, could have, and should have, been raised by defendants in the first reexamination.

The stated basis for defendants' motion to stay no longer exists. The reexamination completed on October 10, 2012, and because defendants only requested a stay until the

completion of the reexamination, the Court should lift the stay.  To allow the stay to continue on a ground that did not previously exist rewards defendants for either intentionally or negligently withholding arguments from the PTO and this Court, and validates a strategy of delaying the merits of infringement for as long as defendants choose to pursue reexamination. Walker Digital requests that the Court reject defendants' view of the law and their attempt to restrict Walker Digital's rights to enforce its now twice confirmed intellectual property.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Walker Digital filed this case on April 12, 2011, alleging infringement of U.S. Patent No. 7,924,323 (the '"323 Patent" or "patent-in-suit").  (D.I. 1.)  On January 27, 2012, defendant Sony filed an *ex parte* reexamination request with the PTO seeking reexamination of all claims of the '323 Patent.  (D.I. 100, Ex. A.)  On January 30, 2012, defendants filed a joint motion to stay this litigation pending reexamination of the '323 patent.  (D.I. 99, 100.)  Defendants expressly requested a "stay of this litigation at least until the PTO decides whether to grant reexamination, and, in the likely event the PTO does grant reexamination, until the reexamination is completed." (D.I. 100 at 2; *see also id.* at 16 ("Defendants request that the Court stay this litigation pending the outcome of the request for reexamination of the '323 patent and, if reexamination is granted, continue the stay through completion of the reexamination.").)  Walker Digital filed its opposition to the motion to stay on February 16, 2012, and defendants filed their reply brief on February 27, 2012.  The Court granted the motion to stay by oral order on September 19, 2012.

On September 20, 2012, the PTO confirmed claims 11 and 27 of the '323 Patent, and on October 10, 2012, the PTO issued a reexamination certificate for the patent.  (Wang Decl., Exs. A and B.)  Sony's reexamination request, therefore, has completed.

Because the PTO had indicated that it would allow claims 11 and 27 even before it formally confirmed the claims, Sony filed a second request for *ex parte* reexamination of the

3

'323 Patent on September 18, 2012.  (*Id.*, Ex. C.)  Sony's second reexamination request seeks to invalidate the '323 Patent based on two prior art references – the Ishiguro patent, and the Edwards application.  The Ishiguro patent was considered by the PTO during Sony's first reexamination, and the PTO determined that at least claims 11 and 27 were valid over the Ishiguro Patent.  (*Id.*, Ex. A.)  The Edwards application was published in 2002.  (*Id.*, Ex. D.) Sony's second reexamination request provides no indication of when it first became known to Sony or why it could not previously have been included in Sony's first reexamination request.

## III.   ARGUMENT

### A.   The stay should be lifted because the basis for the stay no longer exists: the reexamination has completed.

"When circumstances have changed such that the court's reasons for imposing the stay [pending reexamination of a patent] no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

Defendants originally moved to stay the action pending completion of the first reexamination.  That reexamination has now been completed.  The PTO's confirmation of two of the challenged claims is a change in circumstances that warrants lifting the stay.  *Rohm and Haas Co. v. Brotech Corp.*, No. 90-109, 1992 U.S. Dist. LEXIS 21721, at *12 (D. Del. Jul. 16, 1992) (lifting a stay after the PTO's first office action found two claims at issue patentable).

In *Rohm*, following a request with the PTO for reexamination and the PTO's grant of the reexamination request, the defendant moved to stay the litigation pending the outcome of the reexamination.  *Id* at *3.  The Court granted the motion and entered an order staying the proceeding pending completion of the reexamination, noting that it would lift the stay at any time the court found it no longer appropriate.  *Id* at *4.

4

After the first office action, the PTO found claims 3 and 10 to be patentable over the prior art, but rejected claims 1, 2, 4, 5-9, 11 and 12 as either anticipated by or unpatentable over prior art. *Id.* at *5. Rohm requested reconsideration of the initial action, and thereafter, the Examiner indicated in an interview that claims 6-9, 11 and 12 were deemed to be patentable. Because the PTO confirmed the patentability of several of the claims, Rohm moved to have the stay lifted. *Id.* at *4. The defendant opposed the motion, arguing that until the PTO concluded that its determination was final, "anything can happen to those claims." *Id.* at *5.

The *Rohm* court, however, lifted the stay. It concluded that the information from the PTO confirmed that at least some of the claims would survive reexamination and therefore lifting the stay would ensure a relatively prompt trial at a time when there was a substantial probability that the PTO would have completed its reexamination. In addition, the Court noted that a stay could add 18 months to the time for resolution of the case, reexamination would probably not resolve the disputes between the parties, and in light of the nature and extent of the litigation to that date, it did not appear that the reexamination would have a substantial impact on reducing the cost of the litigation. *Id.* at *11-*12.

Similarly, in *Data Treasury Corp. v. Wells Fargo & Co.*, 2008 U.S. Dist. LEXIS 123565 (E.D. Tex. Mar. 11, 2008), the court lifted a stay upon completion of reexamination proceedings of one of a group of reexamined patents. *Id.* at *74. The defendants argued that the stay should continue because other patents were still being reexamined. *Id.* at *78. The court, however, rejected that argument, concluding that completion of the reexamination of the one group of patents "allows that portion of the case to proceed." *Id.* at *83. The court also rejected the argument that lifting the stay would create inefficiencies. *Id.*

5

As in *Rohm* and *Data Treasury*, the PTO's confirmation of claims 11 and 27 weighs in favor of lifting the stay. The PTO has already twice found the claims 11 and 27 valid. It is unlikely to alter its conclusion upon a further reexamination. Defendants moved to stay the action at the time of the first request for reexamination until the reexamination completed. Now that the reexamination is complete, the stated basis for the stay no longer exists. It therefore makes sense to lift the stay, set a trial date, and move the case to conclusion.

### B.   Walker Digital would be prejudiced by a continued stay.

Walker Digital will be unduly prejudiced if the case remains stayed throughout the lengthy pendency of the further reexamination. Defendants have revealed that they are not truly interested in reexamination "until completion." Rather, defendants want reexamination until they obtain their desired result or until Walker Digital can no longer defend its rights.

Defendants have shown that they will seek serial reexaminations. Courts, however, routinely reject stays involving serial reexaminations because of the risk they pose of creating stays of indefinite duration. *See e.g., Voda v. Medtronic Inc.*, 2011 U.S. Dist. LEXIS 104959, at *8 (W.D. Okla. Jan. 31, 2011) (In denying a stay, court stated: "The court initially granted a stay in this matter, pursuant to the parties' agreement, to permit the USPTO to conduct the first reexamination. Neither the court nor plaintiff anticipated that defendants would file serial reexamination requests each time they failed to achieve their objectives at the USPTO. At some point, the court cannot continue to defer to that body and to the reexamination proceedings at the expense of this litigation. The court finds that point has now been reached.") (emphasis added).

Moreover, the continuation of the stay harms Walker Digital's ability to enforce its rights and license its patent. Walker Digital has been and will continue to be deprived of the ability to enforce its patent rights, and suffer lost opportunity cost and economic hardship in that the stay will interfere with Walker Digital's ability to license its patent.

6

Maintaining the stay also effectively gives defendants a compulsory license for years to come, stripping Walker Digital of its rights and freedom to choose its own licensees. Such compulsory licenses are disfavored. *Telcordia Techs, Inc. v. Cisco Sys.*, 592 F. Supp. 2d 727, 748 (D. Del. Jan. 6, 2009) (declining plaintiff's request for a compulsory license pending expiration of the patent in suit); *Dawson Chemical Co. v. Rohm & Haas Co.*, 448 U.S. 176, 215 (1980) ("Compulsory licensing is a rarity in our patent system, and we decline to manufacture such a requirement out of § 271(d)"); *Mondis Tech., Ltd. v. LG Elec. Inc.*, 2011 U.S. Dist. LEXIS 78482, at *24 (E.D. Tex. June 14, 2011) (compulsory licenses undesirable because "setting of a reasonable royalty after infringement cannot be treated, as it was here, as the equivalent of ordinary royalty negotiations among truly 'willing' patent owners and licensees"); *Commonwealth Scientific and Indus. Research Organisation v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 606 (E.D. Tex. 2007) (compulsory license not adequate compensation for continued intentional infringement).

Moreover, defendants have already had the benefit of nine months of inaction. Because no Rule 26(f) conference has been held, Walker Digital has been unable to serve discovery. There is no way to anticipate the duration of a continued stay during the new reexamination.[1] The potential prejudice from the indefinite delays inherent in a stay is well recognized. *See Life Techs. Corp. v. Illumina, Inc.*, No. 09-706-RK, 2010 U.S. Dist. LEXIS 55623, at *8 (D. Del. June 7, 2010) (noting potential prejudice from long delay and "*the indefinite nature of the stay*"); *Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*, C.A. No. 08-309-JJF-LPS, 2008 U.S. Dist. LEXIS 102979, at *6 (D. Del. Dec. 19, 2008) ("No one can predict the outcome or the

---

[1]     Defendants previously have acknowledged that the length of a stay could be "significantly longer if Plaintiff chooses to appeal," and that it would be a "lengthy appeal process" lasting "years." (D.I. 100 at n.4 & 12).

timing of these proceedings."). Indeed, excluding appeals, PTO statistics reveal an average *ex parte* reexamination pendency of over two years. (D.I. 130, Ex. B at 2.) In this case, even if the second reexamination were granted, it would likely conclude *after* trial on the merits would otherwise take place. (*See* Wang Decl., Ex. E, 2012 Patent Litigation Study by PricewaterhouseCoopers LLP (available at: http://www.pwc.com/en_US/us/forensic-services/publications/assets/2012-patent-litigation-study.pdf), at 23 (showing median time to trial in Delaware patent cases of 1.9 years).)

### C.    A prolonged stay affords defendants an unfair tactical advantage.

Prolonging the stay would also confer an unjustified tactical advantage on defendants. *See Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 U.S. Dist. LEXIS 131385, at *12 (D. Del. Dec. 13, 2010) ("Granting a stay would unduly prejudice [plaintiff] and provide defendants a clear, and unwarranted, tactical advantage."). This case had been pending for nearly a year before defendants filed their first request for reexamination. An additional eight months transpired prior to completion of the first reexamination. A continued stay delays Walker Digital from taking discovery and from obtaining an adjudication of the case on the merits.

Only defendants benefit from the continued stay. As one court has recognized, an *ex parte* reexamination provides a non-binding "no risk for me" option, "allowing Defendant[s] to lay behind the log, hoping for favorable developments with the passage of time" . . . "guarantee[ing] the imposition of additional costs on [plaintiff] and indicat[ing] a lack of desire to resolve the issues in this case in a timely manner." *Affinity Labs of Texas, LLC v. BMW N. Am., LLC*, 9-08-cv-00164, 2009 U.S. Dist. LEXIS 131921, at *15 (E.D. Tex. Feb. 20, 2009)

8

(stay denied).  It also drives up costs to Walker Digital.  *Id.* at \*15 ("Defendants' choice [to file for reexamination] guarantees the imposition of additional costs on [plaintiff].").

The Federal Circuit has cautioned against the unfair tactical advantage that comes from delaying the proceedings, warning that if reexaminations are "routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J., concurring) (noting that "court is not required to stay judicial resolution in view of the reexaminations").  Such manipulation is precisely what is happening here.  Defendants should not be allowed to delay further the resolution of Walker Digital's claims by repeatedly exploiting the *ex parte* reexamination process and the "delays inherent in PTO activity." *Id.,* 582 F.3d at 1305.

### D.     Continuing the Stay May Stale the Evidence

A prolonged stay pending reexamination will potentially prevent Walker Digital from obtaining key evidence that may be lost while the reexamination is pending.  The memories of the inventors of the '323 patent who are not employed by Walker Digital, and those of other key fact witnesses, such as the developers of the accused products, are likely to fade with time, making it more difficult for Walker Digital to prove its case. *See Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at \*13-14 (D. Del. July 26, 2012) (denying a stay, noting  "a stay in this case would likely last several years; resuming litigation after a protracted stay could raise issues with stale evidence, faded memories, and lost documents."); *Cooper Notification, Inc.,* 2010 U.S. Dist. LEXIS 131385, at \*12-13 (cautioning that "[r]esuming this litigation after a protracted stay would likely raise issues with  stale evidence, faded memories, and lost documents. Much of the evidence Cooper must amass to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who

may be difficult to find as time passes."); *Bartex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 651 (E.D. Tex. Apr. 20, 2009), citing *Gladish v. Tyco Toys, Inc.*, 1993 U.S. Dist. LEXIS 20211, at *5-6 (E.D. Cal. Sept. 15, 1993) (delaying litigation would likely prejudice all parties because "witnesses may become unavailable, their memories may fade and evidence may be lost" during the pendency of the PTO proceedings). Such loss of evidence would be prejudicial to Walker Digital and that possibility weighs against continuation of the stay.

### E. Defendants' second reexamination lacks merit

Defendants had every opportunity to raise all challenges to the '323 patent in the now completed reexamination. Claims 11 and 27 have now been reviewed by the PTO on two separate occasions. Defendants' reliance on the prior art, Ishiguro, was already rejected by the PTO. Defendants should have made their "new" Ishiguro arguments in the first reexamination.

Defendants now rely on a second prior art reference, the Edwards Patent application, to bolster Ishiguro. The Edwards application was published in 2002 and, thus, could have, and should have, been raised by defendants in the first reexamination. The defendants should not benefit from their failure to make that argument earlier by a continued stay of the litigation.

As the court noted in *Affinity Labs of Texas, supra*, 2009 U.S. Dist. LEXIS 131921, at *18, n.7: "By choosing the ex parte reexamination route, defendants can submit multiple requests for reexamination using combinations of prior art for no other reason than to prolong the case." Continuation of the stay will simply allow defendants a second bite at the apple—at Walker Digital's expense. Because further simplification of the issues is highly unlikely, further delay of the litigation is unwarranted and prejudicial to Walker Digital.

### F. Statistics regarding cancellation demonstrate a low likelihood that all asserted claims will be cancelled or substantively amended.

Evidence previously submitted by defendants in favor of a stay pending reexamination show that *ex parte* reexaminations from 1981 to the present have resulted in complete cancellation of a patent's claims in only 11% of proceedings.  (D.I. 100, Ex. B at 2.)  The available data suggests that the reexamination process has a low likelihood of simplifying the issues in this case.  Common sense dictates that a third review of the same claims is even less likely to result in cancellation of the remaining claims.  Therefore, continuation of the stay is unwarranted.  *See Softview LLC,* 2012 U. S. Dist. LEXIS 104677, at *10 (denying stay although defendants argued that all or most of the claims of the patents-in-suit may be modified or cancelled during reexamination, thus potentially simplifying or eliminating the need for trial; plaintiff correctly noted that 14 of the 20 claims asserted against defendants "presently stand confirmed by the Patent Office as patentable over the prior art identified by Apple in its request for reexamination."); *Eon Corp. IP Holdings, LLC v. Skytel Corporation,* 2009 US. Dist. LEXIS 131909, *22 (E.D. Tex. Apr. 29, 2009) (declining stay upon finding Eon would suffer undue prejudice from stay and that issues in case might not be significantly simplified as a result of the reexamination).

### G.     The second reexamination will not resolve all issues

Unless all asserted claims are cancelled, the PTO will not resolve Walker Digital's claims for infringement and requests for relief (including injunction) that are pending before this Court. Likewise, unless the asserted claims are cancelled, the reexamination will not be binding on this Court, and would not preclude re-litigation of the invalidity challenges made in the reexamination requests.  *Affinity Labs of Texas, LLC,* 2009 *U.S. Dist. LEXIS 131921,* at *18 n.7 (recognizing that *ex parte* reexaminations have "no binding effect whatsoever on this or any other litigation."); *Belden Techs, Inc. v. Superior Essex Commc'ns LP*, 2010 U.S. Dist. LEXIS

90960, at *7 (D. Del. Aug. 24, 2010) ("Accordingly, a stay is more appropriate when the only issues left for trial completely overlap with those typically resolved upon reexamination. Conversely, a stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried."); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, C.A. 08-373-JJF-LPS, 2009 U.S. Dist. LEXIS 5457, at *2 (D. Del. Jan. 27, 2009) (denying stay where infringement and damages were likely to remain significant and disputed issues).

## IV.  **CONCLUSION**

For the foregoing reasons, Walker Digital respectfully requests that defendants' joint motion be denied in its entirety.

October 29, 2012

OF COUNSEL:

Marc Fenster
Benjamin T. Wang
Daniel Hipskind
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
 (310) 826-7474
mfenster@raklaw.com
bwang@raklaw.com
dhipskind@raklaw.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff Walker Digital, LLC