**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No.  11-326-GMS |
| | ) | |
| CANON U.S.A., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF WALKER DIGITAL, LLC'S MOTION TO LIFT STAY</u>**

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2100
ncannella@fchs.com
msandonato@fchs.com

Edmund J. Haughey
Chitra M. Kalyanaraman
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004
Tel: (202) 530-1010
ehaughey@fchs.com
ckalyanaraman@fchs.com

*Counsel for Defendant Canon U.S.A., Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Scott D. Stimpson
David C. Lee
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 643-7000
sstimpson@sillscummis.com
dlee@sillscummis.com
klieb@sillscummis.com

*Counsel for Defendant Casio America, Inc.*

Dated:  November 30, 2012
1084919 / 36821

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

Christopher C. Campbell
Robert D. Spendlove
Nelson Kuan
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Tel: (703) 456-8000
ccampbell@cooley.com
rspendlove@cooley.com
nkuan@cooley.com

*Counsel for Defendant Eye-Fi, Inc.*

Gregory E.  Stuhlman (#4765)
Michael J. Maimone (#3592)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 661-7381
stuhlmang@gtlaw.com
maimonem@gtlaw.com

Scott J. Bornstein
Jim DeCarlo
Lawrence S. Rosenthal
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
bornsteins@gtlaw.com
decarloj@gtlaw.com
rosenthall@gtlaw.com

Kimberly A. Warshawsky
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8000
warshawskyk@gtlaw.com

*Counsel for Defendant FUJIFILM North
America Corporation*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

George E. Badenoch
Richard M. Rosati
John R. Kenny
Thomas R. Makin
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200
gbadenoch@kenyon.com
rrosati@kenyon.com
jkenny@kenyon.com
tmakin@kenyon.com

*Counsel for Defendant Olympus Imaging
America, Inc.*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Melissa L. Troutner (#4627)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
mroutner@mnat.com

Josh A. Krevitt
Benjamin Hershkowitz
R. Scott Roe
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
sroe@gibsondunn.com

*Counsel for Defendants Pentax Ricoh Imaging
Americas Corporation and Ricoh Americas
Corp.*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5674
Tel: (571) 203-2700
lionel.lavenue@finnegan.com

Trenton J. Roche
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
trenton.roche@finnegan.com

*Counsel for Defendants Sony Corporation of
America and Sony Electronics Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Timothy J. Vezeau
Michael A. Dorfman
Breighanne A. Eggert
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5200
timothy.vezeau@kattenlaw.com
michael.dorfman@kattenlaw.com
breighanne.eggert@kattenlaw.com

*Counsel for Defendant SANYO North America
Corporation*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .......................................................................................1

I.   NATURE AND STAGE OF THE PROCEEDINGS.............................................................2

II. STATEMENT OF FACTS ...........................................................................................3

III. ARGUMENT ............................................................................................................5

       A.      Legal Standard ....................................................................................5

       B.      There has been no change in circumstances to warrant a lifting of the stay ......................................................................................................5

       C.      The stay will not unduly prejudice Plaintiff .............................................8

       D.      Continuing the stay another few months will not stale evidence or give Defendants an unfair tactical advantage ........................................10

       E.      The second reexamination may resolve all issues in this litigation ........11

IV. CONCLUSION.........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
C.A. No. 05-590 (GMS), 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006) .................7

*Automotive Techs. Int'l Inc. v. Hyundai Motor Am.*,
C.A. Nos. 06-187 (GMS), 06-391 (GMS), 2009 U.S. Dist. LEXIS 85156
(D. Del. Sept. 16, 2009)..................................................................................................5,8, 11

*Canady v. Erbe Elektromedizin GmbH*,
271 F. Supp. 2d 64 (D.D.C. 2002) .............................................................................5, 6, 7

*Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech. Inc.*,
492 F. Supp. 2d 600 (E.D. Tex. 2007) .............................................................................10

*Data Treasury Corp. v. Wells Fargo & Co.*,
2008 U.S. Dist. LEXIS 123565 (E.D. Tex. Mar. 11, 2008) ............................................7, 8

*Dawson Chem. Co. v. Rohm & Haas Co.*,
448 U.S. 176 (1980) ..........................................................................................................10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)..........................................................................................11

*Ho Keung Tse v. Apple Inc.*,
No. C 06-06573-SBA, 2010 U.S. Dist. LEXIS 53875 (N.D. Cal. May 5, 2010) ....................6

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
No. C08-184JLR, 2009 U.S. Dist. LEXIS 14467 (W.D. Wash. Feb. 9, 2009) ......................9

*Mondis Tech., Ltd. v. LG Elec. Inc.*,
No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 78482 (E.D. Tex. June 14, 2011).........10

*Ohio Willow Wood Co. v. ALPS South Corp.*,
No. 2:04-Cv-1223, 2008 U.S. Dist. LEXIS 99392 (S.D. Ohio Nov. 21, 2008) ......................6

*Rohm & Haas Co. v. Brotech Corp.*,
C.A. No. 90-109-JJF, 1992 U.S. Dist. LEXIS 21721 (D. Del. Jul. 16, 1992).........................7

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
277 F.R.D. 84 (W.D.N.Y. 2011) .......................................................................................11

*Telcordia Techs., Inc. v. Cisco Sys.*,
  592 F. Supp. 2d 727 (D. Del. 2009) .................................................................................. 10

*Voda v. Medtronic Inc.*,
  No. CIV-09-95-L, 2011 U.S. Dist. LEXIS 104959 (W.D. Okla. Jan. 31, 2011) .................. 8, 9

*Wall Corp. v. BondDesk Group, L.L.C.*,
  C.A. No. 07-844 (GMS), 2009 U.S. Dist. LEXIS 20619 (D. Del. Feb. 24, 2009) ............. 8, 11

**STATUTES & RULES**

35 U.S.C. 103 ................................................................................................................................ 1

35 U.S.C. 271(d) ......................................................................................................................... 10

Fed. R. Civ. P. 26(f) ................................................................................................................. 2, 5

**OTHER AUTHORITIES**

*Manual of Patent Examining Procedure* § 2261 (8th ed., rev. 9, Aug. 2012) .............................. 9

## PRELIMINARY STATEMENT

Plaintiff prematurely seeks an order lifting this Court's September 19, 2012 stay of this action based on arguments that have already been rejected by the Court and that ignore the fact that the patent-in-suit is undergoing a second reexamination by the U.S. Patent and Trademark Office ("PTO").  (Declaration of David C. Lee, Esq., Exhibit A).  Plaintiff argues that a continuation of the stay would indefinitely delay the resolution of its Complaint.  However, the first reexamination—which invalidated 27 of 29 patent claims—was completed in less than nine months from filing and the second reexamination—which involves only the two remaining claims of the asserted patent—is likely to be completed even more expeditiously.

The first reexamination substantially narrowed the issues, thus promoting both judicial economy and saving Defendants—and Plaintiff—the costs of litigating claims.  The stay should thus be allowed to continue so that the Court and the parties can continue to reap these rewards, as the second reexamination is likely to moot this action in its entirety, or at least narrow the issues even further.

The second request is not a delaying tactic, but rather is a timely and good faith attempt to resolve clear issues of validity in a cost-effective manner.  The second reexamination was filed in response to the PTO's indication that two of the original 29 claims would be confirmed based on arguments Plaintiff made during the first reexamination.  The second reexamination cites prior art not considered in the first reexamination, which establishes that the two remaining claims (formerly dependent claims 11 and 27, now written in independent form) are unpatentable under 35 U.S.C. § 103.  The PTO granted the second request for reexamination just five weeks after its filing, finding that the newly submitted Edwards reference raises a "substantial new question" as to the patentability of the two remaining claims.  Yet Plaintiff's brief conspicuously omits any discussion of the merits of the second reexamination.  Further, Plaintiff will suffer no

actual prejudice if the case is stayed during the PTO's review, as revealed by its failure to submit any specific facts, proofs, or even specific arguments as to why, as a non-practicing entity, it could not be fully compensated by money damages in the unlikely event that the asserted patent survives reexamination, and it is able to prove infringement.

This case remains in the same posture that it was when the Court issued the stay, only two months ago.  The asserted patent remains under reexamination and the litigation remains at its earliest stage.  There is therefore no basis for Plaintiff's request that this Court lift the stay.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On April 12, 2011, Plaintiff filed this action accusing Defendant of infringing U.S. Patent No. 7,924,323 ("the '323 patent").  Plaintiff named as defendants Canon U.S.A., Inc., Casio America, Inc., Eastman Kodak Co., Eye-Fi, Inc., FUJIFILM U.S.A., Inc., Nikon Inc., Olympus Imaging America Inc., Pentax Ricoh Imaging Americas Corporation, Ricoh Americas Corp., Samsung Electronics America, SANYO North America Corporation, Sony Corporation of America, and Sony Electronics Inc.[1]   On January 30, 2012, Sony requested *ex parte* reexamination of all 29 claims of the '323 patent.  On the same day, Defendants filed a joint motion to stay this litigation pending reexamination of the '323 patent.  At the time of the motion to stay, this litigation was at its earliest stage, and it remains so;  the Court has not noticed an initial scheduling conference, the parties have not held a Rule 26(f) conference, no initial disclosures have been exchanged, no discovery requests have been served and no trial date has been set.  On February 16, 2012, Plaintiff filed its opposition to the motion to stay, and on

---

[1] Olympus Imaging America Inc. and Pentax Ricoh Imaging Americas Corporation were substituted for original Defendants Olympus America Inc. and Pentax America, Inc., respectively, and original defendant FUJIFILM U.S.A., Inc. was renamed FUJIFILM North America Corporation.

February 27, 2012, Defendants filed their reply.  The Court granted the motion to stay by oral order on September 19, 2012.

On July 27, 2012, the PTO rejected all but two claims of the '323 patent.  Plaintiff then cancelled all of the rejected claims and rewrote those two remaining claims (originally dependant claims 11 and 27) as independent claims.  On October 10, 2012, the PTO issued a reexamination certificate for the '323 patent.  Prior to issuance of the reexamination certificate, and in response to the PTO's indication that claims 11 and 27 would be confirmed based on arguments Plaintiff made during the first reexamination, Defendant Sony filed a second request for *ex parte* reexamination of claims 11 and 27 on September 15, 2012.  On October 25, 2012, the PTO granted the second request for reexamination.  Fearing that it may lose the *in terrorem* effect of an active litigation, Plaintiff prematurely seeks to lift the stay before its remaining claims can be rejected by the PTO.

The primary basis for Plaintiff's request to lift the stay is that the first reexamination resulted in the confirmation of two patent claims, and it will be prejudiced by further delay.  However, Plaintiff ignores the fact that the two remaining claims are still undergoing reexamination based on prior art not previously considered by the PTO.  Plaintiff's claims of prejudice are based almost entirely on generic statistics already shown to be inaccurate as to this action.  It submits no facts that would reveal any prejudice or suggestion of tactical delay by Defendants.

## II.  STATEMENT OF FACTS

The '323 patent, titled "Method and Apparatus for Automatically Capturing and Managing Images" describes a camera that purportedly performs a variety of functions including automatically managing stored images and freeing up memory of the camera for capturing

images.  The '323 patent suggests that the imaging device may transmit images to a second device by a wireless communication connection, such as a telephone.  While the prior art was found to teach all other aspects of the claimed invention, claims 11 and 27 were confirmed over the art then of record based on their requirement that "transmission of the acquired image is based on the bandwidth available for transmission."  This is thus the only thread by which the two remaining claims are hanging.

During the first reexamination, Plaintiff argued that the prior art failed to disclose the concept of transmission based on the "bandwidth available," as distinguished from transmission based on strength of an available radio wave.  Based on Plaintiff's arguments, the PTO confirmed claims 11 and 27 due to this "bandwidth available" limitation.  Yet, this concept would have been obvious to one having ordinary skill in the art, as evidenced by U.S. Patent Application Publication No. 2002/0028679 to Edwards, et al. ("Edwards").

Edwards is prior art to the '323 patent and clearly teaches one of ordinary skill that transmission may be based on the bandwidth available for the transmission.  *See, e.g.*, Edwards, Exhibit D to Plaintiff's Brief, at FIG. 1A, element 109 ("Bandwidth available"), and ¶ [0016] ("The data 105 may be immediately transmitted if sufficient bandwidth is available . . . or stored in a memory 107 in the device 101 to await transmission when sufficient bandwidth becomes available.").  The Examiner did not consider Edwards in the first reexamination and, hence, the second reexamination is timely and significant as to the patentability of Plaintiff's patent.  As the PTO has already found, Edwards's teaching raises a substantial question as to the patentability of Plaintiff's '323 patent.

### III.   ARGUMENT

#### A.   Legal Standard

The decision to stay a case pending reexamination is "firmly within the discretion of the court." *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590 (GMS), 2006 U.S. Dist. LEXIS 57469, at *17 (D. Del. Aug. 16, 2006). "[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). However, "where there are no new circumstances that impose hardship on Plaintiff or that change the court's earlier disposition imposing the stay, Plaintiff's motion to lift the stay should be denied." *Automotive Techs. Int'l Inc. v. Hyundai Motor Am.*, C.A. Nos. 06-187 (GMS), 06-391 (GMS), 2009 U.S. Dist. LEXIS 85156, at *5 (D. Del. Sept. 16, 2009).

#### B.   There has been no change in circumstances to warrant a lifting of the stay

The '323 patent was under reexamination when the stay was granted and remains under reexamination. This litigation remains at its earliest stage: the Court has not noticed an initial scheduling conference, the parties have not held a Rule 26(f) conference, no initial disclosures have been exchanged, no discovery requests have been served and no trial date has been set. All the reasoning for the imposition of the stay remains in effect – *to wit*, the second reexamination proceeding of the '323 patent, in which the PTO has already agreed that a substantial new question exists as to the patentability of the two remaining claims.

Plaintiff notes that the first reexamination resulted in the confirmation of two dependent claims rewritten in independent form, but Plaintiff fails to address the merits of the second reexamination request. The first reexamination resulted in the rejection of 27 of the 29 original claims of the '323 patent. The PTO has now granted reexamination of the two claims previously

confirmed based on new prior art not considered during the first reexamination. The PTO completed the first reexamination in less than nine months from filing. The second reexamination was filed more than two months ago, and because it involves just the two remaining claims, the second reexamination should proceed expeditiously.

The history of the reexamination process of the '323 patent thus supports continuing the stay. The first reexamination substantially impacted Plaintiff's claim—93% were rejected and cancelled—and thus substantially narrowed and simplified the issues, as the reexamination process intends. As a result of the stay, the Court and the parties have not spent months litigating claims that the PTO should not have issued. Judicial resources have thus been saved, the costs to the parties (including Plaintiff) have been substantially reduced, and potentially conflicting results have been avoided. *See Ho Keung Tse v. Apple Inc.,* No. C 06-06573-SBA, 2010 U.S. Dist. LEXIS 53875, at *12 (N.D. Cal. May 5, 2010); *Ohio Willow Wood Co. v. ALPS South Corp.,* No. 2:04-Cv-1223, 2008 U.S. Dist. LEXIS 99392, at *9 (S.D. Ohio Nov. 28, 2008) (reinstating stay previously lifted upon the filing of a subsequent reexamination). If the stay is allowed to continue until the PTO has rendered a final decision as to the validity of the two remaining claims, these benefits will continue to accrue.

The mere fact that the first reexamination has concluded and the patent is now undergoing a subsequent reexamination does not constitute a change of circumstances that warrant lifting the stay. *See generally Canady,* 271 F. Supp. 2d at 76. In *Canady,* plaintiff sought to lift the stay where the defendants filed an additional two reexamination requests following the PTO's first reexamination decision. *Id.* at 67-68. In denying Plaintiff's motion to lift the stay, the Court found there to be no change in circumstances since the PTO was still reviewing the patentability of the claims. *Id.* at 76. The Court specifically noted that "the

defendants made their sequential filings with the PTO for reexamination in a timely manner" and "given the fact that the defendants' first request was valid, as demonstrated by the PTO's office action, the defendants' position that their subsequent requests were not filed for a dilatory purpose seems reasonable." *Id.*

Here, as in *Canady*, the first reexamination of Plaintiff's patent has proven to be valid. The second reexamination was not filed for a dilatory purpose, but rather as a timely response to the results of the first reexamination, as part of Defendants' continuing efforts to simplify, or moot, this litigation in the most cost-efficient manner. Indeed, the PTO has already recognized that the second reexamination was a valid request that raises substantial new questions as to the patentability of the two claims it only recently confirmed.

Plaintiff cites several decisions lifting stays, but these are inapposite. In *Rohm & Haas Co. v. Brotech Corp.*, C.A. No. 90-109-JJF, 1992 U.S. Dist. LEXIS 21721, at *7 (D. Del. Jul. 16, 1992), the court lifted the stay after it received confirmation from the PTO "that at least some of the claims will survive reexamination." In finding there to be no basis to continue the stay, the court reasoned that "the reexamination probably will not resolve the disputes between the parties," and "in light of the nature and extent of the litigation to date, it does not appear that the reexamination will have a substantial impact on reducing the costs of the litigation." *Id.* at *12. Here, there is a strong possibility that the second reexamination could moot this litigation altogether, given that the PTO has found substantial new questions as to the patentability of the only two claims that remain. The potential cost savings and the interests of judicial economy thus weigh heavily in favor continuing the stay.

In *Data Treasury Corp. v. Wells Fargo & Co.*, 2008 U.S. Dist. LEXIS 123565 (E.D. Tex. Mar. 11, 2008), also cited by Plaintiff, the patentee had asserted two groups of patents. In

issuing its stay pending reexamination, the court accepted several defendants' arguments that the two groups of patents were discrete and did not overlap. *Id.* at *82-83. When the PTO issued a favorable decision as to one of the groups of patents, the defendants were split on the merits of continuing the stay and the stay was lifted. *Id.* at *78. Here, the second reexamination involves the patentability of the '323 patent in its entirety and there is no split among Defendants on the merits of continuing the stay. Accordingly, *Data Treasury* is inapposite.

Plaintiff has thus failed to present any change in circumstances that would warrant lifting the stay. To the contrary, it is clear that the PTO is still considering the reexamination of the '323 patent in its entirety – the very reason this Court initially imposed the stay.

### C.     The stay will not unduly prejudice Plaintiff

Continuing the stay of this action pending the reexamination of the '323 patent will not unduly prejudice or unfairly disadvantage Plaintiff. Plaintiff complains about the length of the reexamination process. However, mere delay in litigation resulting from a stay pending reexamination "does not, by itself, amount to undue prejudice." *Wall Corp. v. BondDesk Group, L.L.C.*, C.A. No. 07-844 (GMS), 2009 U.S. Dist. LEXIS 20619, at *4-5 (D. Del. Feb. 24, 2009) (citing *Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008)); *see also Automotive Techs. Int'l Inc.*, 2009 U.S. Dist. LEXIS 85156, at *5 (denying motion to lift stay, where "other than citing further delay, [plaintiff] failed to articulate any hardship or show that the PTO's action immediately impacts its daily affairs" (internal quotation marks omitted)).

This is not a case where defendants are seeking to extend the stay for an indefinite duration by filing serial reexaminations. The second reexamination request was filed even before the PTO indicated its intent to issue a reexamination certificate in the first reexamination. This is very different set of facts than presented in *Voda v. Medtronic Inc.*, No. CIV-09-95-L, 2011 U.S. Dist. LEXIS 104959 (W.D. Okla. Jan. 31, 2011), upon which Plaintiff also relies. In

*Voda*, the defendants requested *ex parte* reexamination and the court granted a stay of the case. *Id*. at *2-3.   During the pendency of the first request for reexamination, the defendants filed a second reexamination request, which was denied, and which the court in *Voda* found further delayed the PTO's decision on that request.  *Id*. at *3-4, 7.  When the patentee became aware of the PTO's intent to issue a certificate confirming the patent, it filed a motion to lift the stay.  *Id*. at *4.  Defendants filed a third request for reexamination one day before their response to the patentee's motion was due, but filed no response to the motion; the stay was lifted, and the court set the case on its status conference docket.  *Id*. at *4-5 n.3.  Months later, defendants moved for a second stay of the case.  *Id*. at *5.  The court found that there were no factors in favor of imposing a second stay, especially where the defendants' conduct resulted in additional delays to both the initial PTO reexamination proceedings and the case schedule.  *Id*. at *7-8.

No such delays are present in this case.  The second request for reexamination was timely filed in response to the PTO's indication that claims 11 and 27 would be confirmed based on arguments Plaintiff made during the first reexamination.  The first reexamination was completed in less than nine months and the second reexamination also "will have priority over all other cases" because the '323 patent is involved in litigation.  *Manual of Patent Examining Procedure* § 2261 (8th ed., rev. 9, Aug. 2012).  Moreover, if the stay remains in place, "all aspects of the [reexamination] proceeding will be expedited to the extent possible."  *Id*. at § 2286.

Nor should the stay be lifted due to any alleged harm in Plaintiff's ability to license its patent.  "Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 U.S. Dist. LEXIS 14467, at *10 (W.D. Wash. Feb. 9, 2009).  Indeed, this Court rejected this exact argument previously submitted by

9

Plaintiff when it granted the stay of this litigation.   Similarly, the Court rejected Plaintiff's argument that the stay effectively amounts to a compulsory license disfavored by the courts, and there are no new circumstances alleged by Plaintiff to warrant reversal of this Court's decision.[2]

The continued stay thus presents no prejudice to Walker Digital other than a possible delay in payment of whatever royalties may be due for infringement of the reexamined claims of the '323 patent.  However, that delay can be fully compensated by money damages if any of the asserted claims survive reexamination.

**D.   Continuing the stay another few months will not stale evidence or give Defendants an unfair tactical advantage**

Plaintiff presents no new arguments in support of its motion to lift the stay; it simply recycles the arguments it unsuccessfully presented to the Court in opposition to the stay.  It again presents an unsupported argument that the continued stay will stale the evidence.  Yet, Plaintiff has still not identified a single document or witness that has a unique potential to vanish or fade during a stay.  Although Plaintiff suggests the inventors' memories are likely to fade, Plaintiff has failed to demonstrate how the memories are likely to fade within the coming months compared with the fading of memories since 2003, when Plaintiff claims the '323 patent was co-invented by its founder.

---

[2] In support of its argument, Plaintiff cites the same cases as it did in opposition to the stay, none of which concern a stay pending reexamination. *See Telcordia Techs., Inc. v. Cisco Sys.*, 592 F. Supp. 2d 727 (D. Del. 2009) (involving an analysis of a reasonable royalty rate in lieu of an injunction); *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 215 (1980) (declining to manufacture a compulsory licensing requirement out of 35 U.S.C. 271(d) that "would force patentees either to grant licenses or to forfeit their statutory protection against contributory infringement"); *Mondis Tech., Ltd. v. LG Elec. Inc.*, No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 78482 (E.D. Tex. June 14, 2011) (discussing calculation of damages based on a reasonable royalty rate); *Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 606 (E.D. Tex. 2007) (involving an analysis of the denial of an injunction in favor of a reasonable royalty).

Nor does Plaintiff submit any tactical disadvantage other than the unexceptional consequences of delay from the reexamination process itself. Such routine delay is insufficient to prevent a stay. *Wall Corp.*, 2009 U.S. Dist. LEXIS 20619, at *4-5; *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011). "[P]roceeding with the litigation could waste 'time, resources and significant efforts,' whereas a stay causes only minimal prejudice and 'promote[s] judicial economy.'" *Spread Spectrum Screening LLC*, 277 F.R.D. at 88 (quoting *Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996)).

**E.      The second reexamination may resolve all issues in this litigation.**

The first reexamination invalidated all but two claims of the '323 patent. Plaintiff cannot deny that this significantly simplified the issues that the Court, the jury, and the parties need consider. The PTO has agreed that the second request raises substantial new questions as to the patentability of the two remaining claims. The PTO's resolution of these substantial new questions will further simplify the issues or, more likely, resolve them in their entirety. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) (noting that a stay will allow the parties and the Court to benefit from the "simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis for the district court [to] consider . . . ."). The continuation of the stay will therefore continue to avoid the potential waste of judicial and party resources. *See Automotive Techs. Int'l Inc.*, 2009 U.S. Dist. LEXIS 85156, at *6-7.

## IV.   **CONCLUSION**

The '323 patent remains under reexamination and this litigation remains at its earliest stage.   Plaintiff has failed to demonstrate any change in circumstances that would warrant a lifting of the stay.   For the foregoing reasons, Defendants request that the Court deny Plaintiff's motion to lift the stay and further request that the stay of this litigation be continued pending the completion of the pending reexamination.

MORRIS NICHOLS ARSHT &TUNNELL LLP

By:  */s/ Julia Heaney*
    Jack B. Blumenfeld (#1014)
    Julia Heaney (#3052)
    1201 North Market Street
    Wilmington, DE 19899
    Tel: (302) 658-9200
    jblumenfeld@mnat.com
    jheaney@mnat.com

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2100
ncannella@fchs.com
msandonato@fchs.com

Edmund J. Haughey
Chitra M. Kalyanaraman
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004
Tel: (202) 530-1010
ehaughey@fchs.com
ckalyanaraman@fchs.com

*Counsel for Defendant Canon U.S.A., Inc.*

POTTER ANDERSON & CORROON LLP

By:  */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Scott D. Stimpson
David C. Lee
Katherine M. Lieb
SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 643-7000
sstimpson@sillscummis.com
dlee@sillscummis.com
klieb@sillscummis.com

*Counsel for Defendant Casio America, Inc.*

12

ASHBY & GEDDES

By:   _/s/ Tiffany Geyer Lydon_
    Steven J. Balick (#2114)
    Tiffany Geyer Lydon (#3950)
    Andrew C. Mayo (#5207)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE 19899
    Tel: (302) 654-1888
    sbalick@ashby-geddes.com
    tlydon@ashby-geddes.com
    amayo@ashby-geddes.com

Christopher C. Campbell
Robert D. Spendlove
Nelson Kuan
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Tel: (703) 456-8000
ccampbell@cooley.com
rspendlove@cooley.com
nkuan@cooley.com

*Counsel for Defendant Eye-Fi, Inc.*

GREENBERG TRAURIG, LLP

By:   _/s/ Gregory E. Stuhlman_
    Gregory E.  Stuhlman (#4765)
    Michael J. Maimone (#3592)
    The Nemours Building
    1007 North Orange Street, Suite 1200
    Wilmington, DE 19801
    Tel: (302) 661-7381
    stuhlmang@gtlaw.com
    maimonem@gtlaw.com

Scott J. Bornstein
Jim DeCarlo
Lawrence S. Rosenthal
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
bornsteins@gtlaw.com
decarloj@gtlaw.com
rosenthall@gtlaw.com

Kimberly A. Warshawsky
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8000
warshawskyk@gtlaw.com

*Counsel for Defendant FUJIFILM North
America Corporation*

POTTER ANDERSON & CORROON LLP

By:  */s/ Richard L. Horwitz*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

George E. Badenoch
Richard M. Rosati
John R. Kenny
Thomas R. Makin
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200
gbadenoch@kenyon.com
rrosati@kenyon.com
jkenny@kenyon.com
tmakin@kenyon.com

*Counsel for Defendant Olympus Imaging America, Inc.*

MORRIS NICHOLS ARSHT &TUNNELL LLP

By:  */s/ Jack B. Blumenfeld*
     Jack B. Blumenfeld (#1014)
     Rodger D. Smith II (#3778)
     Melissa L. Troutner (#4627)
     1201 North Market Street
     Wilmington, DE 19899
     Tel: (302) 658-9200
     jblumenfeld@mnat.com
     rsmith@mnat.com
     mroutner@mnat.com

Josh A. Krevitt
Benjamin Hershkowitz
R. Scott Roe
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
sroe@gibsondunn.com

*Counsel for Defendants Pentax Ricoh Imaging Americas Corporation and Ricoh Americas Corp.*

MORRIS NICHOLS ARSHT &TUNNELL LLP

By:   */s/ Jack B. Blumenfeld*
    Jack B. Blumenfeld (#1014)
    Rodger D. Smith II (#3778)
    1201 North Market Street
    Wilmington, DE  19899
    Tel: (302) 658-9200
    jblumenfeld@mnat.com
    rsmith@mnat.com

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5674
Tel: (571) 203-2700
lionel.lavenue@finnegan.com

Trenton J. Roche
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
trenton.roche@finnegan.com

*Counsel for Defendants Sony Corporation of America and Sony Electronics Inc.*

Dated:  November 30, 2012
1084919 / 36821

POTTER ANDERSON & CORROON LLP

By:   */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Timothy J. Vezeau
Michael A. Dorfman
Breighanne A. Eggert
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5200
timothy.vezeau@kattenlaw.com
michael.dorfman@kattenlaw.com
breighanne.eggert@kattenlaw.com

*Counsel for Defendant SANYO North America Corporation*

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 30, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 30, 2012, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff Walker Digital, LLC*

James C. Otteson
Theresa E. Norton
David A. Caine
Xiang Long
Thomas T. Carmack
Philip W. Marsh
Jed Phillips
Agility IP Law, LLC
1900 University Circle, Suite 201
East Palo Alto, CA  94303
jim@agilityiplaw.com
tess@agilityiplaw.com
dacaine@agilityiplaw.com
longxiang@agilityiplaw.com
tom@agilityiplaw.com
phil@agilityiplaw.com
jed@agilityiplaw.com
*Attorneys for Plaintiff Walker Digital, LLC*

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899
jheaney@mnat.com
jblumenfeld@mnat.com
*Attorneys for Defendant Canon U.S.A., Inc.*

Michael P. Sandonato
Nicholas M. Cannella
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY  10104-3800
msandonato@fchs.com
ncannella@fchs.com
*Attorneys for Defendant Canon U.S.A., Inc.*

Edmund J. Haughey
Chitra M. Kalyanaraman
Fitzpatrick, Cella, Harper & Scinto
875 F Street, N.W.
Washington, DC  20004
ehaughey@fchs.com
ckalyanaraman@fchs.com
*Attorneys for Defendant Canon U.S.A., Inc.*

Steven J. Balick
Tiffany Geyer Lydon
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Defendants Eye-Fi, Inc. and
Pentax Of America, Inc.*

Thomas J. Friel
Cooley LLP
101 California Street
San Francisco, CA  94111-5800
tfriel@cooley.com
*Attorneys for Defendant Eye-Fi, Inc.*

Scott J. Bornstein
James J. DeCarlo
Lawrence S. Rosenthal
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY  10166
bornsteins@gtlaw.com
decarloj@gtlaw.com
rosenthall@gtlaw.com
*Attorneys for Defendant FujiFilm North
America Corporation*

Scott D. Stimpson
David C. Lee
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
sstimpson@sillscummis.com
dlee@sillscummis.com
*Attorneys for Defendant Casio America, Inc.*

Christopher C. Campbell
Robert D. Spendlove
Nelson Kuan
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
ccampbell@cooley.com
rspendlove@cooley.com
nkuan@cooley.com
*Attorneys for Defendant Eye-Fi, Inc.*

Michael J. Maimone
Gregory E. Stuhlman
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
maimonem@gtlaw.com
stuhlmang@gtlaw.com
*Attorneys for Defendant FujiFilm North
America Corporation*

Kimberly A. Warshawsky
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
warshawskyk@gtlaw.com
*Attorneys for Defendant FujiFilm North
America Corporation*

George E. Badenoch
Richard M. Rosati
John R. Kenny
Thomas R. Makin
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
gbadenoch@kenyon.com
rrosati@kenyon.com
jkenny@kenyon.com
tmakin@kenyon.com
*Attorneys for Defendant Olympus Imaging
America, Inc.*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Defendants Ricoh Americas
Corp. and Pentax Of America, Inc.*

Benjamin Hershkowitz
Josh Krevitt
Etai Lahav
Gibson Dunn & Crutcher
200 Park Avenue
New York, NY  10166-0193
bhershkowitz@gibsondunn.com
jkrevitt@gibsondunn.com
elahav@gibsondunn.com
*Attorneys for Defendants Ricoh Americas
Corp. and Pentax Of America, Inc.*

Francis DiGiovanni
Chad S.C. Stover
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
fdigiovanni@cblh.com
cstover@cblh.com
*Attorneys for Defendant Samsung Electronics
America*

Ryan K. Yagura
Nicholas Whilt
Brian Cook
Neil L. Yang
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899
ryagura@omm.com
nwhilt@omm.com
bcook@omm.com
nyang@omm.com
*Attorneys for Defendant Samsung Electronics
America*

Timothy J. Vezeau
Michael A. Dorfman
Breighanne A. Eggert
Katten Muchin Rosenman LLP
525 West Monroe Street, Suite 1900
Chicago, IL  60661-3696
timothy.vezeau@kattenlaw.com
michael.dorfman@kattenlaw.com
breighanne.eggert@kattenlaw.com
*Attorneys for Defendant Sanyo North America
Corporation*

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Defendants Sony Corporation Of
America and Sony Electronics Inc.*

Trenton J. Roche
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Trenton.roche@finnegan.com
*Attorneys for Defendants Sony Corporation Of
America and Sony Electronics Inc.*

Lionel M. Lavenue
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
Lionel.lavnue@finnegan.com
*Attorneys for Defendants Sony Corporation
Of America and Sony Electronics Inc.*

By:     */s/ David E. Moore*
        Richard L. Horwitz
        David E. Moore
        POTTER ANDERSON & CORROON LLP
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

1015459/36821/36876/36877

4